UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SANTOS F. ASCENCIO,

    Petitioner,

vs.

M.E. SPEARMEN,

    Respondent.

No. C 13-3433 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a prisoner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

A jury convicted petitioner of two counts of forcible rape in concert. He was sentenced to fourteen years in prison. Petitioner states that he appealed to the court of appeals and state supreme court, but those appeals were denied. He states no other appeals or habeas petitions were filed.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B.   Legal Claims

As grounds for federal habeas relief, petitioner now asserts: (1) the victim's abortion records were improperly admitted in violation of the confrontation clause and *Crawford v. Washington*, 541 U.S. 36 (2004); (2) the judge erred in not instructing the jury on lesser included offenses; and (3) with no direct testimony as to his culpability, he is actually innocent of the rape and assault.

The original petition was dismissed with leave to amend as it contained both exhausted and unexhausted claims. Petitioner was advised to only present exhausted claims or file a motion to stay. While petitioner has altered the claims, the amended petition is once again a mixed petition.

Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.* When faced with a post-AEDPA mixed petition, the district court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rhines v.*

*Weber*, 544 U.S. 269, 277 (2005)) (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date the second habeas petition was filed).

A petitioner may file a motion to stay to exhaust claims in state court.  In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.  *Rhines, supra*, at 277-78.

A stay may also be sought pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1]  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations.  *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing).  However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

The first two claims were properly exhausted, however petitioner states the third claim regarding actual innocence was omitted from previous appeals nor was it presented

---

[1] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

3

in his direct appeals attached to the amended petition. Petitioner provides no support for this claim and does not allege there is new evidence that demonstrates his innocence.[2] It could be that petitioner is attempting to assert there was insufficient evidence to support his conviction.

The amended petition will be dismissed with leave to amend or for petitioner to file a motion to stay. A second amended petition should only present claims that have been exhausted, such as claims one and two. If petitioner wishes to return to state court to exhaust further claims he must file a motion to stay as described above.

## CONCLUSION

1. The amended petition is **DISMISSED** with leave to amend in accordance with the standards set forth above or petitioner may file a motion to stay. The amended petition or motion to stay must be filed no later than **October 14, 2013**. If he files an amended petition, it must carry the words SECOND AMENDED PETITION on the first page. Failure to submit a filing within the designated time will result in the dismissal of these claims.

2. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: September 9, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Ascencio3433.dwlta2.wpd

---

[2] The United States Supreme Court has never held that a freestanding claim of actual innocence is cognizable on federal habeas review. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also House v. Bell*, 547 U.S. 518, 545–55 (2006) (declining "to answer the question left open in *Herrera*" of whether "freestanding innocence claims are possible").

4