UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SANTOS F. ASCENCIO,

        Petitioner,

  vs.

M.E. SPEARMEN,

        Respondent.

No. C 13-3433 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS IN PART**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Petitioner was found guilty of two counts of forcible rape in concert. The victim testified that petitioner was one of three men who raped her, and one of the other defendants testified that petitioner was in the room and held the victim down, but did not rape her. *People v. Ascencio*, No. A133182, 2012 WL 4127953 (Cal. Ct. App. Sept. 20, 2012). Liberally construed, the court found that two claims in the operative second amended petition (Docket No. 6) were sufficient to proceed.

Respondent has filed a motion to dismiss on the grounds that one claim is unexhausted and the second claim fails to state a federal habeas claim. Petitioner has not filed an opposition or otherwise communicated with the court. For the reasons that follow, the motion will be granted in part.

**DISCUSSION**

**Exhaustion**

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule

on the merits of each and every issue he or she seeks to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Petitioner has the burden of pleading exhaustion in his or her habeas petition.  *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

A petitioner fully and fairly presents a claim to the state courts, "if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim.  Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."  *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citations omitted).

In his first claim, petitioner states that "[e]vidence of [the] victim being pregnant was inflam[m]atory where there was no showing that [petitioner] had sexual contact with the victim."  Second Amended Petition (SAP) at 6.[1]  Petitioner then referenced his opening brief to the California Court of Appeal, which he included as an exhibit.  The opening brief argued that the admission of the records that demonstrated the victim was pregnant as a result of the rape and obtained an abortion constituted inadmissible testimonial hearsay in violation of the confrontation clause and *Crawford v. Washington*, 541 U.S. 36 (2004) and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).  SAP at 34.  After the Court of Appeal denied the claim, it was presented to the California Supreme Court.  In the order to show cause, this court construed the claim to state that the victim's abortion records were improperly admitted in violation of the confrontation clause and *Crawford v. Washington*, 541 U.S. 36 (2004).

Respondent appears to construe the claim differently and argues that petitioner failed to exhaust any claim related to inflammatory evidence of the victim being pregnant. Petitioner's claim, while not a model of clarity, discussed the evidence of the victim being pregnant and referenced his state court briefs that had been prepared by counsel.

---

[1] Due to inconsistent page numbering, the court has referred to all page numbers from the second amended petition as they appear in the court's electronic docket.

2

Petitioner's state appeals exhausted a claim regarding records that indicated the victim was impregnated as a result of the rapes and obtained an abortion.  This court construed plaintiff's claim to represent this exhausted claim related to the pregnancy and abortion records.

While respondent is correct that petitioner has not exhausted a claim related to inflammatory evidence of the victim's pregnancy, the court believes that based on petitioner's pro se status, and as he references his state court briefs and attached them to the petition, he was intending to raise the exhausted claim related to the pregnancy, abortion records and confrontation clause.  Of course, federal courts must construe pro se habeas petitions liberally.  *Maleng v. Cook*, 490 U.S. 488, 493 (1989); *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).[2]  Therefore, any due process claim regarding the admission of evidence is dismissed but the confrontation clause claim shall continue.

**Federal Claim**

Petitioner's second claim states that the trial court erred in failing to sua sponte instruct the jury on lesser-included offenses.  Petitioner again references his state pleadings, which, in addition to describing how the error violated state law, alleged that it also violated his federal constitutional rights to due process.  SAP at 28, 84.  In his briefings to the California Court of Appeal and California Supreme Court, petitioner briefly cited to constitutional amendments and a United States Supreme Court case in support of his due process argument.  SAP at 28, 90.  However, respondent argues that the trial court's failure to instruct sua sponte on lesser-included offenses does not raise a federal constitutional issue.

The failure of a state trial court to instruct on lesser-included offenses in a non-capital case does not present a federal constitutional claim.  *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000); *Windham v. Merkle*, 163 F.3d 1092, 1105-06 (9th Cir. 1998).  To

---

[2] Petitioner attempted to bring the admission of prejudicial and inflammatory evidence claim in the original petition which the court dismissed for failing to state a federal claim.  The court noted that the related confrontation clause claim was proper.  Docket No. 3.

the extent petitioner asserts a violation of state law, any such claim is denied. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)). Nor can petitioner transform a state law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Therefore, this claim is dismissed.

## CONCLUSION

1. Respondent's motion to dismiss (Docket No. 8) is **GRANTED IN PART** as discussed above. The second claim regarding lesser-included offenses is dismissed from the petition.

2. Respondent shall file an answer within **sixty (60) days** of the issuance of this order as set forth in the Order to Show Cause (Docket No. 7) with respect to the confrontation clause claim.

**IT IS SO ORDERED.**

Dated: May 7, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Ascencio3433.mtd.wpd